# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| **WILLIAM NAUGHER** | ) | |
|  | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
|  | ) | |
| v. | ) | |
|  | ) | |
| **INLAND MARINE SERVICE** | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

### I.  NATURE OF CLAIM

William Naugher ["Naugher"] brings this case to challenge sexual harassment and his termination after he reported the harassment.

Naugher brings his claims under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) to address sex harassment and retaliation in the terms and conditions of employment. The Plaintiff has fulfilled conditions precedent to the institution of this action under Title VII. Plaintiff filed his EEOC charge within 180 days of the occurrence of the last discriminatory and retaliatory acts (see Exhibit 1) and is timely filing his

1

complaint within 90 days of his receipt of his Notice of Right to Sue from the EEOC.

## II. JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331.

2. The Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the federal claims took place within the Court's jurisdictional boundaries.

3. Defendant is subject to the jurisdiction of the Court.

## III. PARTIES

4. William Naugher is a resident of the State of Alabama.

5. Inland Marine ["Inland" or "defendant"] is an employer within the meaning of Title VII.

## IV. FACTUAL ALLEGATIONS

6. In July 2015, Naugher began working for Inland Marine Services as a tanker man.

7. Naugher was assigned to the ship candy N which was assigned to the Mississippi river.

8. Once Jeremy Mauler (sic) became Captain, he subjected Mauler to unwanted touching and sexually harassing comments.

9. The Captain asked Naugher if he wanted to touch his penis.

10. The Captain said he was going to sneak into Naugher's room at night.

11. On daily basis, Captain Mauler made penis comments.

12. When Mauler exited the ship's restroom, Mauler tried to push her back in.

13. At one point in approximately October 2015, Mauler grabbed Naugher's inner thigh when Naugher attempted to turn off an air conditioning switch.

14. Naugher objected by stating "that is not fucking cool".

15. A few days later, the Captain confronted Naugher and Naugher requested to talk to the corporate office.

16. Captain Mauler ordered Naugher confined to the galley or his bunk.

17. Naugher objected to the terms of confinement and requested to leave the boat.

18. Naugher was let off the boat but had to purchase his own airplane ticket home.

19. On approximately Monday October 26, 2015, Naugher spoke with Craig Burris, a corporate manner, and reported the harassment.

20. Mr. Burris' response was that he could see that happening from "playing around".

21. Naugher was experience working on many tow boats and no Captain ever "played around" in that manner.

22. On October 30, 2015, Naugher was informed that he was terminated.

23. The company does not have any effective training for the prevention of sexual harassment.

24. Naugher suffered from the conduct as he lost income and was subjected to emotional distress from being terminated.

**V.     CLAIMS**

## Count I
## Title VII Sexual Harassment

25. Naugher re-alleges paragraphs 1 through 24 above and

incorporate them by reference as if fully set forth herein.

26. Naugher was subjected to unwelcome sexual entreaties from Captain Mauler. It affected his well-being and the terms and conditions of his employment.

27. This treatment is discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  The discrimination on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

28. As a further consequence and effect of the Defendant's unlawful conduct and practices, Naugher was deprived of income and other compensation and benefits.

29. Naugher has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's discriminatory, demeaning and unlawful conduct.

30. Naugher has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and

compensatory damages, is her only means of securing adequate relief.

31. As a result of the Defendant's actions, Naugher has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

32. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

## Count II
## Title VII Retaliation

33. Plaintiff re-alleges paragraphs 1 through 24 above and incorporates them by reference as if fully set forth herein.

34. The Defendant retaliated against Naugher in the forms of confinement and termination for opposing and reporting unlawful discrimination.

35 After Naugher complained about the sexual harassment, he was terminated.

36. This reckless and willful retaliation on the part of the defendant

constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

37.    As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

38.    Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's retaliatory conduct.

39.    Plaintiff has no plain, adequate, or complete remedy at law to wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

40.    As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

41.    This reckless, malicious, and willful retaliation on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights

7

pursuant to Title VII.

## STATE LAW CLAIMS

### A.      INVASION OF PRIVACY

42.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

43.    This is a claim arising under the law of the State of Alabama to redress violations by Mauler of Naugher' right to privacy and Defendant's ratification of that conduct.

44.    Mauler's conduct, as set out above, was an invasion of Naugher' privacy and proximately caused Naugher to suffer great emotional distress and trauma, for which he claims compensatory and punitive damages from Defendant.

### B.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below. This claim arising under the law of the State of

Alabama to redress Mauler's intentional infliction of emotional distress upon the Plaintiff and Defendant's ratification of that conduct.

46. The conduct of Mauler, as set out above, was extreme, outrageous, and beyond the boundaries of decency in a civilized society, and it proximately caused Naugher to suffer great emotional distress and trauma, for which he claims compensatory and punitive damages from Defendant.

47. Defendant condoned, authorized, and/or ratified Mauler's conduct because it knew of Mauler's continuing and outrageous conduct towards the Plaintiff and failed to stop it.

## C. COUNT III - NEGLIGENT AND/OR MALICIOUS RETENTION, SUPERVISION, AND TRAINING

48. The Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

49. This is a claim arising under the law of the State of Alabama to redress Defendant's negligent and/or malicious retention, training and supervision of Mauler.

50. By failing to have and/or to enforce a sexual harassment policy and by failing to conduct sexual harassment training, Defendant negligently and/or maliciously failed to train Mauler and other employees adequately on the subject of sexual harassment which proximately caused the sexual harassment of Naugher.

51. Furthermore, Defendant's failure to train its employees on the subject on sexual harassment and retaliation proximately the termination of Naugher' employment.

52. Mauler's sexual harassment of Naugher caused Naugher great emotional distress and trauma, for which he seeks compensatory and punitive damages against Defendant.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination

by Defendant are violative of the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and The Family Medical Leave Act.

2. Issue a declaratory judgment that that the lack of employment practices, written policies, procedures, conditions and customs prohibit sexual harassment and retaliation are violative of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended.

3. Enter an Order requiring Defendant to make the Plaintiff whole by awarding her back-pay (plus interest), front-pay, reinstatement into the position he would have held if Defendant had not discriminated against her based on race and/or gender and/or in retaliation for his opposing and reporting defendant's unlawful conduct, compensation for loss of wages and benefits, lost seniority, and pension benefits and nominal, compensatory and punitive damages.

4. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is his only means of securing adequate relief.

5. Award Plaintiff her reasonable attorneys' fees, costs and expenses

of suit; and

6. Provide such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

        Respectfully submitted,

        */s/Lee Winston*
        Lee D. Winston
        Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
505 Twentieth Street North
Suite 815
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com